### GRISWOLD *vs.* DEXTER. ·

When a special verdict is found, by the jury, in favor of the plaintiff, the plaintiff is bound to move for judgment thereon, at the special term. It is not in the power of the justice holding the circuit to send that motion to be heard, with the exceptions, in the first instance, at a general term.

A motion for a new trial cannot be made where a special verdict is found. It is not a remedy adapted to the case.

In an action for the recovery of specific real property, it is the right of the jury, in their discretion, to find a special verdict, and of course to find the facts as they, upon the evidence, are satisfied is just and right. The court has no authority to require them to find a special verdict; still less to require them to find specific facts.

THIS was an action to recover the possession of real estate.

The defendant interposed an equitable defense; alleging, in his answer, that he had the equitable title to one half of the premises described in the complaint, and was entitled to a conveyance thereof.

By the direction of the court, the jury found a special verdict containing the facts, subject to the opinion of the court on a case to be prepared by the plaintiff; which, with the exceptions, was directed by the court to be heard, in the first instance, at a general term.

*R. H. Tyler*, for the plaintiff.

*A. Perry*, for the defendant.

*By the Court*, MULLIN, J. This case must go back for trial again. As the case is made up there is no question before us which the general term can review. There is no general verdict in the case, and as there can be but a general or special verdict rendered by a jury, the verdict in the case must be special. If special, then the plaintiff was bound to move for judgment thereon at the special term. It was not in the power of the justice holding the circuit to send that motion to be heard here in the first

Griswold *v.* Dexter.

instance. The Code (§ 265) says: " A motion for a new trial on a case or exceptions or otherwise, and an application for a judgment on a special verdict, or case reserved for argument or further consideration, must, in the first instance, be heard and decided at the circuit or special term. Except that when exceptions are taken, the judge trying the cause may, at the trial, direct them to be heard in the first instance at the general term, and the judgment in the mean time suspended; and in that case they must be there heard in the first instance, and judgment there given." But the record says, that by direction of the court the verdict was taken subject to the opinion of the court on a case to be prepared by the plaintiff, which, with the exceptions, was directed by the court to be heard in the first instance at the general term. The application for judgment on the special verdict is clearly not before us, and it seems to me equally clear that the exceptions are not here; and if they are, no relief can be granted. A motion for a new trial may be made on a case or exceptions. (*Code*, § 265.) When made on exceptions, the judge trying the cause may direct them to be heard in the first instance at the special term. This provision necessarily implies a verdict against one of the parties. A party will not move for a new trial unless he has been beaten. A special verdict is in favor of neither party; it finds the facts, merely, and leaves the court to declare the law—to award the judgment which the law pronounces on facts found. Hence a motion for a new trial cannot be made where a special verdict is found. It is not a remedy adapted to the case.

The 265th section of the Code provides that the court, if it order the exceptions to be heard first in the general term, shall direct the judgment, in the mean time, to be suspended, for the very obvious reason that a motion for a new trial cannot be made after judgment. The only remedy then is by appeal. It would seem from the case,

that the court instructed the jury here to find on certain facts in issue between the parties. Indeed, it is left uncertain whether or not all the facts set out as found were not found under the special direction of the justice holding the circuit. If this was so, I apprehend it was not in conformity to the Code. Section 261 provides, that in every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict in writing, upon any or all of the issues. This was an action for the recovery of specific real property, and it was the right of the jury, in their discretion, to find a special verdict, and of course to find the facts as they, upon the evidence, were satisfied was just and right. There being no authority to require them to find a special verdict, there was still less to require them to find specific facts.

I am of the opinion there was a mistrial at the circuit, and the case should go back to be again tried.

[Jefferson General Term, October 7, 1862. *Mullin, Morgan* and *Bacon,* Justices.]